UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KENNETH JENSEN, | CASE NO. C14-0740JLR |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS FOURTEENTH AMENDMENT CLAIM |
| v. | |
| WASHINGTON ATTORNEY GENERAL BOB FERGUSON, | |
| Defendant. | |

## I.      INTRODUCTION

Before the court is Defendant Washington Attorney General Bob Ferguson's ("the Attorney General") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Mot. (Dkt. # 9).)  Because the Attorney General raises issues concerning both subject matter and personal jurisdiction, the court properly characterizes his motion as under Federal Rules of Civil Procedure 12(b)(1) and (2) as well.  *See* Fed. R. Civ. P. 12(b)(1), (2).  The court has considered the motion, all submissions filed in support of

1  and opposition thereto, the balance of the record, and the applicable law.  Being fully

2  advised, the court GRANTS in part and DENIES in part the Attorney General's motion

3  and DISMISSES without prejudice Plaintiff Kenneth Jensen's claim that various state

4  court orders requiring him to pay restitution violate the Fourteenth Amendment.  The

5  court notes that the Attorney General's motion does not address Mr. Jensen's claim that

6  his conviction for second degree manslaughter violates the Double Jeopardy Clause of

7  the Fifth Amendment.  Accordingly, this claim remains.

8  **II.    BACKGROUND**

9      This case arises from Kenneth Jensen's criminal conviction in state court.  (*See*

10  Compl. (Dkt. # 1) 1-8.)  In 2002, Mr. Jensen was convicted of second degree felony

11  murder for the death of his neighbor.  (*Id.* at 36.)  The trial court entered an order setting

12  restitution in the amount of $28,817.78 to be paid to the court registry.  (*Id.*)  After

13  paying that amount, Mr. Jensen settled a civil claim brought by the victim's widow.  (*Id.*)

14  Jensen sold his home and deposited the proceeds into the court registry as well.  (*Id.*)

15  The court subsequently entered orders disbursing funds from the account to both parties'

16  attorneys, the court appointed commissioner, the victim's widow, and the Washington

17  State Department of Labor & Industries, Crime Victim Compensation Division ("CVC").

18  (*Id.*)

19      In 2005, the Washington State Court of Appeals reversed and remanded Mr.

20  Jensen's criminal conviction based on the Washington State Supreme Court's holding in

21  *In Re PRP of Andress*, 56 P.3d 981 (Wash. 2002).  (Mot. at 21.)  The State subsequently

22  retried Mr. Jensen, and he was convicted of second degree manslaughter.  (*Id.* at 36.)

1    The court imposed a second restitution order in the amount of $16, 022.39. (*Id.*)  The

2    state court judge stated that this amount credited Mr. Jensen for his previous restitution

3    payment of $28,817.78. (*Id.* at 37.)

4          Mr. Jensen disagrees.  He alleges that the state court wrongfully disbursed

5    $28,817.78 to the victim's widow and her attorney as an improper "ex parte civil

6    disbursement." (*Id.* at 8.)  He has filed ten unsuccessful motions and petitions with the

7    state court to recover those funds. (*Id.* at 37.)  Additionally, the Court of Appeals and the

8    Washington State Supreme Court denied discretionary review of Mr. Jensen's recovery

9    claim. (*Id.* at 38, 42.)  The court liberally construes Mr. Jensen's complaint[1] to include

10   two claims:  (1) Mr. Jensen claims that the state court order distributing $28,817.78 to the

11   victim's widow and her attorney and the court's denial of his subsequent motion to

12   recover those funds constitutes an improper deprivation of his property in violation of the

13   Due Process Clause of the Fourteenth Amendment (*see id.* at 8), and (2) Mr. Jensen

14   claims that his second conviction violates the Double Jeopardy Clause of the Fifth

15   Amendment (*see id.* at 4).

16         The Attorney General moves to dismiss Mr. Jensen's Fourteenth Amendment Due

17   Process claim on grounds that:  (1) the court lacks subject matter jurisdiction to hear the

18   claim under the *Rooker-Feldman* doctrine (*id.* at 3-4), and (2) Mr. Jensen has sued the

19

20   _____

21         [1] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is "to be
     liberally construed . . . , and "a *pro se* complaint, however inartfully pleaded, must be held to less

22   stringent standards than formal pleadings drafted by lawyers . . . .") (internal citations omitted).

wrong party. (Mot. at 3.)[2]  The Attorney General does not address Mr. Jensen's Fifth Amendment Double Jeopardy claim.  (*See generally* Mot.)  Because the Attorney General fails to address this claim, the court does not consider its dismissal.

### III.    ANALYSIS

**A.    Standard on a Motion to Dismiss**

The Attorney General moves to dismiss Mr. Jensen's Fourteenth Amendment claim for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine. (Mot. at 3 (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).)  The burden of establishing subject matter jurisdiction rests upon the party asserting jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Here, Mr. Jensen bears that burden.

A motion to dismiss for lack of subject matter jurisdiction can be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Id.*  This "confin[es] the inquiry to allegations in the complaint."  *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).  By contrast, "in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal

---

[2] Because the court dismisses Mr. Jensen's Fourteenth Amendment claim based on subject matter jurisdiction, the court does not reach this alternative argument.  During the course of his alternative argument, the Attorney General also asserts in single sentence that "[t]here is no personal jurisdiction over the Attorney General."  (Mot. at 3.)  The Attorney General cites no legal authority and provides no analysis for this position. The court declines to consider an argument that is thrown into a brief in a single sentence absent any legal authority or further analysis.

1   jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039.  This analysis does not require the

2   court to presume the truthfulness of a plaintiff's allegations.  *White v. Lee*, 227 F.3d 1214,

3   1242 (9th Cir. 2000).

4          The Attorney General's challenge in this case is a facial one.  It is his position that

5   Mr. Jensen's allegations are insufficient to invoke federal jurisdiction as a matter of law

6   in light of the *Rooker–Feldman* doctrine.  Resolution of such a facial challenge to the

7   court's subject matter jurisdiction depends on the allegations in the complaint and does

8   not involve the resolution of a factual dispute.  *Wolfe v. Strankman*, 392 F.3d 358, 362

9   (9th Cir. 2004).  In a facial challenge, the court must assume the allegations in the

10  complaint are true and "draw all reasonable inferences in [the plaintiff's] favor."  *Id.*;

11  *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005).

12         Even in a facial challenge, however, the court may look beyond the face of the

13  pleadings and consider "exhibits attached to the complaint, matters subject to judicial

14  notice, [and] documents necessarily relied on by the complaint and whose authenticity no

15  party questions."  *Bautista-Perez v. Holder*, 681 F. Supp. 2d 1083, 1087 (N.D. Cal. 2009)

16  (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *see also Barron*

17  *v. Riech*, 13 F.3d 1370, 1377 (9th Cir. 1994).  Thus, review of the Attorney General's

18  motion is informed by the state court orders at issue over which this court takes judicial

19  notice.  Further, the consideration of information outside the complaint does not convert

20  the motion into one for summary judgment.  *White*, 227 F.3d at 1242.

21

22

ORDER- 5

**B.     The Due Process Claim is Barred by the *Rooker-Feldman* Doctrine**

The Attorney General contends that Mr. Jensen's Fourteenth Amendment claim concerning the restitution order is barred by the *Rooker-Feldman* doctrine.  (Mot. at 3-4.) The *Rooker-Feldman* doctrine reflects the statutory limitations to original jurisdiction of the federal courts and the United States Supreme Court's role as the only federal court with jurisdiction to hear an appeal from state court.  *Noel v. Hall*, 341 F.3d 1148, 1154-55 (9th Cir. 2003).  The doctrine has evolved from the two Supreme Court cases from which its name is derived.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  In *Rooker*, the Court "held that when a losing plaintiff in a state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal."  *Noel*, 341 F.3d at 1156 (summarizing *Rooker*).  In *Feldman*, the Court held that where an "issue was 'inextricably intertwined' with an issue resolved by the local court in its judicial decision, the federal district court could not address that issue, for the district court would be, in effect, hearing a forbidden appeal from the judicial decision of the local court."  *Noel*, 341 F.3d at 1157 (summarizing *Feldman*). An issue is  'inextricably intertwined' with the state court's decision when "the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules."  *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)).  Thus, the *Rooker-Feldman* doctrine applies "when the federal plaintiff both asserts as her injury legal error

1  or errors by the state court *and* seeks as her remedy relief from the state court judgment."

2  *Kougasian v. TMSL, Inc*., 359 F.3d 1136, 1140 (9th Cir. 2004).

3       Mr. Jensen's claim satisfies the four main requirements of the *Rooker-Feldman*

4  doctrine, and thus it is barred.  *See Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S.

5  280, 284 (2005).  First, *Rooker-Feldman* applies only to federal plaintiffs who did not

6  prevail in state court.  *Id.*  Mr. Jensen has brought ten unsuccessful motions to recover the

7  disputed restitution funds in state court.  (*See* Compl. at 37-38, 42.)

8       Second, the plaintiff must claim that the state court judgment caused his injuries.

9  *Exxon Mobil Corp*, 544 U.S. at 284.  Mr. Jensen's complaint states that "the trial court's

10  denial of [his] motion to recover the funds he had deposited was erroneous; it effectively

11  confiscated $28, 817.78 from him without just cause and without due process of law."[3]

12  (Compl. at 8; *see also id*. at 4.)  Thus, in essence, he asserts that errors on the part of the

13  state courts are the source of his injury.  *See Henrichs v. Valley View* Develop, 474 F3d

14  609, 613 (9th Cir. 2007) (noting dismissal pursuant to *Rooker-Feldman* is indicated

15  where the plaintiff asserts an erroneous state court decision as a legal wrong).

16       Third, *Rooker-Feldman* applies only when the plaintiff seeks review and rejection

17  of the state court judgment.  *Exxon Mobile*, 544 U.S. at 284.  In his complaint, Mr. Jensen

18  asks this court to "exonerate all interest on [his] restitution order," and to "direct the trial

19  court" to adjust the restitution order and restore his funds.  (Compl. at 45.)  He also asks

20  this court to find fault with the trial court's analysis that the second restitution order was a

21  _____

22  [3] Mr. Jensen also claims in the Joint Status Report that the state courts violated his Due
Process rights.  (*See* JSR (Dkt. # 14) at 1.)

ORDER- 7

1   net amount owed by Mr. Jensen.  (*See id.* at 2-8, 10-20, 22-35.)  This constitutes a request

2   for this court to review the state court's judgment.

3          Finally, under the doctrine, state court proceedings must have ended before the

4   plaintiff initiates his federal claim.  *Exxon Mobile.*, 544 U.S. at 284.  Mr. Jensen alleges

5   that the state courts have repeatedly denied the relief he seeks over the past seven years.

6   (*See* Compl. at 41.)  He further alleges that the Washington State Supreme Court denied

7   his request for review in March, 2014 (*see id.* at 39-43.), and he filed his lawsuit before

8   this court in May, 2014.  (*Id.* at 1.)  "Proceedings end for *Rooker-Feldman* purposes

9   when the state courts finally resolve the issue that the federal court plaintiff seeks to

10  relitigate in a federal forum," and thus Mr. Jensen's state court proceedings ended prior to

11  the commencement of his federal claim.  *Mothershed v. Justices of the Supreme Court*,

12  410 F.3d 602, 604 n.1 (9th Cir. 2005).

13         In sum, Mr. Jensen's claim is barred by the *Rooker-Feldman* doctrine.  He

14  challenges the constitutional validity of a final state court decision, and a district court

15  has "no authority to review the final determinations of a state court . . . even when the

16  challenge to the state court decision involves federal constitutional issues."  *See*

17  *Worldwide Church of God v. McNair*, 805 F.2d 888, 890-91 (9th Cir. 1986); *see also*

18  *Ignacio v. Judges of United States Court of Appeals for Ninth Circuit*,  453 F.3d 1160,

19  1165 (9th Cir. 2006) (noting that the *Rooker-Feldman* doctrine also bars constitutional

20  claims that are "inextricably intertwined" with a de facto forbidden appeal).

21

22

1  **C.     Leave to amend**

2        When the court grants a motion to dismiss, it must also decide whether to grant

3  leave to amend.  *Mora v. Countrywide Mortg.*, No. 2:11-cv-00899-GMN-RJJ, 2012 WL

4  254056, at *2 (D. Nev. Jan. 26, 2012).  Ordinarily, leave to amend a complaint should be

5  freely given following an order of dismissal.  *See* Fed. R. Civ. P. 15(a)(2).  Generally,

6  leave to amend is only denied when it is clear that the deficiencies of the complaint

7  cannot be cured by amendment.  *See Thinket Ink Info. Res., Inc. v. Sun Microsys., Inc.*,

8  368 F.3d 1053, 1061 (9th Cir. 2004); *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655,

9  658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the

10  amendment would be futile." (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th

11  Cir. 1990)).

12        Here, the court concludes that granting leave to amend would be futile.  The court

13  can conceive of no possible cure for Mr. Jensen's Fourteenth Amendment Due Process

14  claim based on its conflict with the *Rooker-Feldman* doctrine.  Even if Mr. Jensen

15  amends his complaint to focus on the actions of adverse parties other than the court, his

16  claim would be barred by collateral estoppel or res judicata.  *See Cooper v. Ramos*, 704

17  F.3d 772, 784 (9th Cir. 2012) (holding that collateral estoppel barred plaintiff from

18  amending his claim to focus on the actions of adverse parties rather than the court when

19  then the same legal issue had already been decided by the state court).[4]  Any claim Mr.

20  _____

21        [4] The Ninth Circuit applied California collateral estoppel law in this case, but
   Washington law is virtually the same.  *Compare Cooper*, 704 F.3d at 784 (stating the four factors

22  of collateral estoppel in California are: 1) the issue to be precluded is identical to the one already

1   Jensen could bring alleging his funds were improperly disbursed would be barred by

2   collateral estoppel or res judicata because the state trial court ruled that he was properly

3   credited for those funds and is not entitled to any recovery.  (*See* Compl. at 37-38, 41-42.)

4   Thus, the issue he seeks to litigate is already subject to a final judgment on the merits.

5   *See Cooper*, 704 F.3d at 784.  The court, therefore, denies Mr. Jensen leave to amend his

6   Fourteenth Amendment Due Process claim concerning the state court restitution orders.

7                          **IV.    CONCLUSION**

8        For the foregoing reasons, the court GRANTS in part and DENIES in part the

9   Attorney General's motion and DISMISSES Mr. Jensen's Fourteenth Amendment Due

10  //

11  //

12  //

13  //

14  //

15  //

16  //

17  //

18  litigated; 2) the issue was actually litigated in the prior proceeding; 3) the issue was necessarily

19  decided in the prior proceeding; 4) the prior decision was final and on the merits; and 5) the party
    to be precluded must be the same as or in privity with the party to the second proceeding), *with*

20  *State v. Vasquez*, 59 P.3d 648, 649 (Wash. 2002) (stating the factors of collateral estoppel in
    Washington are: 1) the issue decided in the prior proceeding is identical to the one to be decided

21  in the second proceeding; 2) the prior proceeding ended in a final judgment on the merits; 3) the
    party to be estopped is the same as or in privity with the party in the second proceeding; and 4)

22  application of the doctrine does not work an injustice).

ORDER- 10

1   Process claim without prejudice[5] and without leave to amend.  The court notes that Mr.

2   Jensen's Fifth Amendment Double Jeopardy claim remains.

3          Dated this 17th day of September, 2014.

5

6          _____

7          JAMES L. ROBART
           United States District Judge

---

[5] A dismissal under the *Rooker-Feldman* doctrine is a dismissal for lack of subject matter jurisdiction, *see Kougasian*, 359 F.3d at 1139, and therefore, should be without prejudice.  *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004).

ORDER- 11